**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

NOAH RICHARDSON,

Plaintiff,

v.

OFFICER BURTIN, et al.,

Defendant.

CAUSE NO. 1:25-CV-270-TLS-AZ

**OPINION AND ORDER**

Noah Richardson, a prisoner without a lawyer, filed a "Verified Motion for Fee Waiver" in this closed case. ECF 8. He asks the court to "waive all costs of this action" and allow him to proceed "without the payment of any filing fees or other costs." *Id*. at 1.

To the extent Richardson is seeking to reopen this case, the court declines to do so. This case was dismissed without prejudice on September 15, 2025, because Richardson failed to resolve his filing fee status as previously ordered. *See* ECF 5. Judgment was entered that same day. ECF 6. Richardson's current motion was filed more than twenty-eight days after the entry of the judgment, so it is construed pursuant to Federal Rule of Civil Procedure 60(b). *See Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). An order granting relief under Rule 60(b) is an "extraordinary remedy" that is granted "only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

Here, the only arguably applicable basis for relief is "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). However, Richardson's motion—which was filed more than eight months after this case was dismissed—offers zero explanation for his prior failure to resolve his filing fee status. Of note, he still has not provided his inmate trust fund

ledger despite passing reference to it in his current motion. Regardless, Richardson has not shown the extraordinary remedy of reopening the case is warranted here. *See, e.g., Karraker*, 411 F.3d at 837.

To the extent Richardson is simply seeking to have his filing fee waived, the court cannot do that either. "[I]f a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). A prisoner is required to pay an initial filing fee and thereafter "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) *overruled on other grounds* by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). The prison is required to take "20% of whatever sums enter a prison trust account, disregarding the source." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998) (citation omitted). Payments are collected under the mechanism set forth in the statute, and the court does not have authority to waive the fee, or to modify the amount or timing of payments. *Id.*; *see also Newlin*, 123 F.3d at 436 ("A prisoner who files one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on."). The statutory framework does not permit a prisoner's filing fee payments to be delayed or suspended. Moreover, the fact that a prisoner owes filing fees for more than one case does not relieve him of the obligation to pay the fees in the others. *See Bruce v. Samuels*, 577 U.S. 82, 87 (2016) ("§ 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees."). Because the statutory framework does not permit a prisoner's filing fee payments to be delayed, suspended, or waived, Richardson's motion must be denied.

For these reasons, the motion (ECF 8) is DENIED in its entirety.

SO ORDERED on June 1, 2026.

s/ Theresa L. Springmann
JUDGE THERERSA L. SPRINGMANN
UNITED STATES DISTRICT COURT